IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IRENE E. KATALIN,<br><br>    Plaintiff,<br>    v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security<br><br>    Defendant. | NO. 05-02382 RS<br><br>**ORDER REMANDING MATTER FOR FURTHER ADMINISTRATIVE PROCEEDINGS** |

## I. INTRODUCTION

Plaintiff Irene Katalin filed this action seeking judicial review of a decision of the Commissioner of Social Security finding her "not disabled." Katalin has filed a motion for summary judgment. The Commissioner has opposed the motion for summary judgment and seeks remand of this matter pursuant to sentence four of 42 U.S.C § 405 (g). In response, Katalin has indicated she does not oppose remand, on appropriate terms.

Pursuant to Civil Local Rule 16-5, the matter has been submitted for decision without oral argument. Upon consideration of the papers and the record herein, the matter will be remanded to the Commissioner for further administrative proceedings, on the terms requested by Katalin.

## II. BACKGROUND

In May of 2000, Katalin filed an application for social security benefits alleging that she had become disabled as of October 7, 1999. After her claim was denied, Katalin sought a hearing before

an Administrative Law Judge. After taking testimony and reviewing medical records, the ALJ issued a decision against Katalin in February of 2002. The Appeals Council declined to review the ALJ's decision, and this action followed.

In Katalin's reply brief she represents that she filed a new application for benefits in August of 2004. In proceedings under that application, an ALJ ultimately found that Katalin was disabled from and after September 18, 2004.

## III. DISCUSSION

Katalin's contention that she is and was disabled is based on a variety of claimed physical and psychological ailments, which need not be recounted in detail here, given the Commissioner's acknowledgment that there were "defects" in the original administrative proceedings. Specifically, the Commissioner points to the fact that the ALJ "found Plaintiff's depression was non-severe and discounted the evidence regarding her diagnosis of fibromyalgia or probable fibromyalgia" Defendant's motion at 3:11-13. The Commissioner concedes that "additional proceedings would allow the Commissioner to reconsider Plaintiff's impairments, specifically her fibromyalgia and depression" and that "supplemental vocational expert testimony" could be warranted "to determine whether Plaintiff can perform her past work or other work in the national economy."[1]

As the Commissioner points out, "[i]f additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded." *Marcia v. Sullivan*, 900 F.2d 172 (9th Cir. 1990) (quoting *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir.1981)). Nevertheless, where "a rehearing would simply delay receipt of benefits, reversal is appropriate." *Lewin*, 654 F.2d at 635. This decision to remand rather than simply reverse lies within the discretion of the court. *Id.*

Here, Katalin has expressly stated that she has no objection to remand. Even her summary judgment motion did not argue that the existing record would support a determination by the Court that payment of benefits should be ordered immediately, rather the summary judgment motion

---

[1] As discussed below, the question on remand will not be whether plaintiff is disabled now, but whether she was disabled at any time after her original application but prior to September 18, 2004.

2

requested the Court to "remand this matter for further administrative proceedings." Motion at p. 28. Under these circumstances, the Court finds that remand is appropriate.

As noted above, despite agreeing that there were defects in the administrative proceedings and requesting remand to remedy those defects, the Commissioner has requested that Katalin's motion for summary judgment be denied. The Commissioner's proposed order states that the remand is made "pursuant to sentence four of 42 U.S.C § 405 (g)." That sentence provides: "The court shall have power to enter, upon the pleadings and transcript of the record, *a judgment affirming, modifying, or reversing* the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." (emphasis added).

The Commissioner appears to be seeking a remand without an express statement that the original decision has been "reversed." The Commissioner's concession of defects in the administrative proceeding, and the request for a remand under sentence four of 42 U.S.C § 405 (g), however, is tantamount to a concession that the decision must be reversed.[2] Additionally, in effect, Katalin's motion will have been granted.[3]

In stating that she has no objection to remand, Katalin raises a concern that the recent finding that she has been disabled since September 18, 2004 not be reopened for review. Katalin "fears that an ALJ will feel empowered to take away those benefits recently awarded to her." Katalin's "new" application for benefits filed on August 2, 2004 and the decision thereon made on June 15, 2006, are not strictly part of the record in this proceeding. For that same reason, however, the recent award of benefits will *not* be subject to reconsideration as part of the remand hereunder. This proceeding, and the administrative rehearing that will follow, concerns only Katalin's application for benefits made in May of 2000, alleging that she had become disabled as of October 7, 1999. Because there is now a finding under a separate application that Katalin has been disabled since September 18, 2004, all

---

[2] Because the matter is being remanded for rehearing, "reversed" in this context does *not* mean that Katalin is immediately entitled to benefits or that the Commissioner will be precluded from reaching the same result upon rehearing. To avoid confusion, appellate courts sometimes use the term "vacated" instead of "reversed" under circumstances like these. Sentence four of 42 U.S.C § 405 (g), however, speaks of "reversing . . . with . . . remanding the cause for a rehearing."

[3] As is the case any time a motion for summary judgment is granted, this does not mean that all of the arguments made therein have been found to have merit.

that remains to be decided in this matter is whether she was disabled during any period between October 7, 1999 and that date. That being said, however, the Court expresses no opinion as to the circumstances, if any exist, under which the Commissioner might be entitled to initiate a proceeding to re-examine the June 15, 2006 decision or Katalin's present condition.

## IV. CONCLUSION

Pursuant to sentence four of 42 U.S.C § 405 (g), the decision of the Commissioner is reversed and this action is remanded for rehearing. Upon remand an Administrative Law Judge will reconsider Plaintiff's impairments, including specifically her fibromyalgia and depression, taking into account her treating and examining sources, and if warranted obtaining supplemental vocational expert testimony to determine whether plaintiff could have performed her past work or other work in the national economy between October 7, 1999 and September 18, 2004.

IT IS SO ORDERED.

Dated: October 5, 2006

RICHARD SEEBORG
United States Magistrate Judge