**\*E-FILED 2/6/07\***

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| IRENE E. KATALIN, | No. 05-02382 RS |
| Plaintiff, | **ORDER GRANTING MOTION FOR ATTORNEY FEES** |
| v. | |
| JO ANNE B. BARNHART, Commissioner, Social Security Administration, | |
| Defendant. | |

## I. INTRODUCTION

Plaintiff Irene Katalin brought this action seeking judicial review of a decision of the Commissioner of Social Security. On October 5, 2006, this Court reversed the Commissioner's final administrative decision and remanded the matter for further administrative proceedings on terms requested by Katalin. Katalin now seeks an award of attorney fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C.§2412.[1] Upon consideration of the papers and the record herein, the motion will be granted.

---

[1] Although Katalin entitles this as a motion for fees and costs, she has not claimed any "costs" other than attorney fees.

## II. DISCUSSION

The Equal Access to Justice Act, 28, U.S.C. §2412(d)(1)(A), directs courts to award fees and other expenses to private parties who prevail in litigation against the United States unless the Government's position was substantially justified. In opposing this motion, the Commissioner does not challenge that Katalin is the prevailing party or contend that the Commissioner's position was substantially justified. Nor does the Commissioner point to any special circumstances that would make a fee award unjust.

The only disputes here are whether Katalin satisfied the procedural requirements for seeking fees and costs and whether the amount of fees Katalin requests is reasonable. The Commissioner contends that Katalin's EAJA demand letter, dated October 13, 2006, was insufficient to satisfy the "meet and confer" requirement under Civil Local Rule 54-6, which provides "[c]ounsel for the respective parties must meet and confer for the purpose of resolving all disputed issues relating to attorney fees before making a motion for award of attorney fees." In response, Katalin argues that the demand letter represents a good faith *effort* to "meet and confer" under Civil Local Rule 54-2. On its face, Civil Local Rule 54-2 relates to objections to bills of costs, and is inapplicable here. Nevertheless, the principle that a party can satisfy a "meet and confer" requirement through a good faith effort to initiate such discussion is sound.

That said, in this case, a breakdown in the "meet and confer" process appears to have resulted from the conduct of both parties.[2] While the absence of an actual "meet and confer" session is an insufficient basis to deny Katalin's motion, counsel are encouraged to make greater efforts to exhaust their "meet and confer" obligations in the future.

Katalin documented a total of 53.55 hours of service rendered by counsel, including the time counsel spent litigating the request for fees. The Commissioner contends that this amount of hours is unreasonable. The services counsel rendered Katalin include filing the complaint, filing the motion and supporting brief for summary judgement, and eventually obtaining a favorable result for Katalin. The 53.55 hours expended is reasonable in light of the amount of

---

[2] The Commissioner argues that Katalin's demand letter was actually a *refusal* to meet and confer because the letter stated that the fee demand was "non-negotiable." Katalin's hard-line negotiation approach did not excuse the Commissioner from at least responding to determine if compromise was possible.

services counsel performed. There was initial dispute between the parties over the calculation of counsel's hourly rate. However, in Katalin's reply she accepts the Commissioner's calculation that work performed in 2005 should be compensated at $165.71 per hour and work performed in 2006 should be compensated at $169.96 per hour.

### III. CONCLUSION

Plaintiff's motion for award of attorney fees under the Equal Access to Justice Act is granted on the following terms: the 6.3 hours of work done by counsel in 2005 is to be compensated at $165.71 per hour ($1043.97), and the 47.25 hours of work in 2006 is to be compensated at $169.96 per hour ($8030.61). Accordingly the resulting amount comes to $9074.58,[3] and defendant is ordered to make that payment.

**IT IS SO ORDERED.**

Dated: February 5, 2007

RICHARD SEEBORG
United States Magistrate Judge

---

[3] Katalin requests a somewhat higher total, however it is unclear how she calculated that figure.

1  **THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER WAS ELECTRONICALLY PROVIDED TO:**

Mary Patricia Parnow    mary.parnow@ssa.gov

Harvey Peter Sackett    hps@hpspc.com, lucyc@sackettlaw.com; julie@sackettlaw.com; juanita@sackettlaw.com

Sara Winslow    sara.winslow@usdoj.gov, kathy.terry@usdoj.gov; claire.muller@usdoj.gov

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

Dated: February 6, 2007

                                      /s/ BAK
                                  Chambers of Magistrate Judge Richard Seeborg